UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

7 West 21 LI LLC.,

        Plaintiff,

        V.

CLEMENT MOSSERI, et al.

        Defendant.

-----------------------------------------------------X

20 CV 00279 ~~& 21 CV 5621~~, Now in
The US Court of Appeals for the Second
Circuit as 22-609, 22-634 consolidated

# NOTICE OF REMOVAL

## CIVIL COURT TO FILE UNDER

7 West 21 LI LLC., v. CLEMENT MOSSERI, et al L&T 312958/2022

28 U.S. Code § 1441.Removal of civil actions

(a)GENERALLY.—

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, **may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending**.

1. Defendant now removes 7 West 21 LI LLC., v. CLEMENT MOSSERI, et al L&T 312958/2022 to the SDNY under 20 cv 00279 and 21 cv 5621 that is now in The US Court of Appeals for the Second Circuit 22-609, 22-634, consolidated.

2. Plaintiff filed a complaint in the Civil Court 7 West 21 LI LLC., v. CLEMENT MOSSERI, et al . L&T 053774/2019. The Case was removed to the SDNY, as 20 cv 00279, now in The US Court of Appeals for the Second Circuit 22-609, 22-634 consolidated.

Because Index No. L&T 312858/2022 is a separate case in New York City Civil Court, County of New York, from Index No. L&T 053774/2019, each case must be separately docketed upon removal to this Court, as well. Case No. 20 Civ. 279 in this Court is the removed version of Index No. L&T 053774/2019 in N.Y.C. Civil Court. Therefore, this Notice, which removes Index No. L&T 312858/2022, must be entered upon a separate docket. The Clerk of Court is therefore respectfully directed to open a new civil docket and transfer this filing thereto.

SO ORDERED
Date: November 4, 2022
New York, New York

JOHN P. CRONAN
United States District Judge

3. Plaintiff filed a second related complaint in the Civil Court 7 West 21 LI LLC., v. CLEMENT MOSSERI,  et al L&T 303464/2022 that raised the same claims and raises additional causes of action that he would not have been able to do without a Motion to Amend the complaint in the SDNY, Violating Defendants procedure due process. The Case was removed to the SDNY, as 21 cv 5621, now in The US Court of Appeals for the Second Circuit 22-609, 22-634 consolidated.

4. Plaintiff's attorneys continue to violate Defendants procedure due process and civil rights with malicious legal abuse by filing a third complaint in the Civil Court under 7 West 21 LI LLC., v. CLEMENT MOSSERI,  et al L&T 312958/2022 raising the same issues as in L&T 303464/2021 that was transferred to SDNY, and is now in the The US Court of Appeals for the Second Circuit 22-609, 22-634 consolidated.

5. Defendant now removes 7 West 21 LI LLC., v. CLEMENT MOSSERI,  et al L&T 312958/2022 to the SDNY under 20 cv 00279 and 21 cv 5621 that is now in The US Court of Appeals for the Second Circuit 22-609, 22-634, consolidated.

6. The Civil Court continually violated defendant's civil rights since Plaintiff first brought it in 2/13/2019. That has continued as of this writing and the Civil Court lacks jurisdiction.

7. Any claims of deficiencies or errors will be addressed by The US Court of Appeals for the Second Circuit

**Respectfully submitted,**
Dated October   24   , 2022

-------------------------------------------
Clement Mosseri, Pro se
7 West 21st Street #1708
New York, New York 10010

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
7 West 21 LI LLC.,

        Plaintiff,

        V.

CLEMENT MOSSERI, et al.

        Defendant.
-----------------------------------------------------X

**20 CV 00279 & 21CV 5621**, Now in
The US Court of Appeals the Second Circuit
as 22-609, 22-634 consolidated


### AFFIRMATION OF SERVICE


I, Clement Mosseri, declare under penalty of perjury that I have served a copy of the

attached, NOTICE OF REMOVAL,

Upon: Attorneys for Petitioner: Upon: Attorneys for Petitioner:

Peter Rose of Rose &Rose 291 Broadway 13th Floor New York, N.Y. 10007
                       And
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., 377 Broadway, New York, N.Y. 10013,

By U.S.P.S mail by putting said papers in an envelope addressed to the above attorneys affixing
proper postage giving it to the United States Postal Service for delivery.


Respectfully submitted,

Dated October 2 4 , 2022

-------------------------------------------------
Clement Mosseri, Pro se
7 West 21st Street #1708
New York, New York 10010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
7 West 21 LI LLC.,
        Plaintiff,

        V.

CLEMENT MOSSERI, et al.
        Defendant.
----------------------------------------------------X

20 CV 00279, & 21CV 5631 Now in
The US Court of Appeals the Second Circuit
as 22-609, 22-634 consolidated

# RECORD OF REMOVED CIVIL COURT CASE

## 7 West 21 LI LLC., v. CLEMENT MOSSERI,  et al
## L&T 312958/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
7 West 21 LI LLC.,
           Plaintiff,

          V.
CLEMENT MOSSERI, et al.
          Defendant.
-------------------------------------------------------X

20 CV 00279, & ~~21CV 5621~~ Now in
The US Court of Appeals the Second Circuit
as 22-609, 22-634 consolidated

# RECORD OF REMOVED CIVIL COURT CASE

# 7 West 21 LI LLC., v. CLEMENT MOSSERI,  et al
L&T 312958/2022

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK**
--------------------------------------------------------------------x
7 WEST 21 LLC,

                      Plaintiff/Petitioner,

         - against -                           Index No. 312858/2022

CLEMENT MOSSERI, ET AL.

                    Defendant/Respondent.
--------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Consensual Case)
### (Uniform Rule§ 208.4-a)

**You have received this Notice because:**

    • The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and

    • You are a Defendant/Respondent (a party) in this case.

**If you are represented by an attorney:** give this Notice to your attorney (Attorneys: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney: you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.**

### Benefits of E-Filing
You can:

    • serve and file your documents electronically

    • view your case file on-line

    • limit your number of trips to the courthouse

    • pay any court fees on-line.

There are no additional fees to file, view, or print your case records.

To sign up fore-filing or for more information about how e-filing works, you  may:

• visit: www.nycourts.gov/efile-unrepresented or

•goto the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create· a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile.

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: August 29, 2022

PETER ROSE
       Name

ROSE AND ROSE
       Firm Name

291 Broadway, 13th Floor
Address

New York, NY 10007

212-349-3366

Phone

GENERAL@ROSEANDROSELAW.COM

E-Mail

To:   Clement Mosseri, et al.,

      7 West 21st Street, Apartment 1708

      New York, New York 10010

7/19/19

FILED: NEW YORK CIVIL COURT - L&T 08/25/2022 11:15 AM
Case 1:22-cv-09506-LLA    Document 1    Filed 11/04/22    Page 8 of 28    312858-22/NY [HO]

NYSCEF DOC. NO. 3                                                    RECEIVED NYSCEF: 08/25/2022

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------x

7 WEST 21 LLC,

                Petitioner-Landlord,

        -against-

CLEMENT MOSSERI
7 West 21st Street
Apartment 1708
New York, New York 10010

                Respondent-Tenant,

"JOHN DOE" and/or "JANE DOE",*
7 West 21st Street
Apartment 1708
New York, New York 10010

                Respondents-Undertenants.

*First and/or last name of Tenant(s) and/or
Undertenant(s) being fictitious and unknown
to Petitioner, Person intended being in
possession of the premises herein described
--------------------------------------------------------------x

Index No.
L&T 312858    /2022

**NOTICE OF PETITION
HOLDOVER**

Petitioner Business Address:
777 Third Avenue, 6th Floor
New York, New York 10017

**Your landlord is suing you for eviction.**

    1.    Your landlord has started a holdover eviction case against you. That means the landlord says you should be evicted for a reason other than not paying your rent. The landlord's reasons are given in the attached Petition.

    2.    Your landlord is asking this Court for:

      • permission to evict you from your home at

| All Rooms at: Apartment 1708 located at 7 West 21st Street, New York, New York 10010, County of New York, City and State of New York |
| --- |

      • and a money judgment for rent/use and occupancy due and owing.

    3.    **You must come to the Civil Court
Date: November 1, 2022 Time: 11:30AM
Address: 111 Centre Street, New York, New York 10013
Room/Part: 524 / D**

1

FILED: NEW YORK CIVIL COURT - L&T 08/25/2022 11:15 AM
NYSCEF DOC. NO. 3

*Warning!* If you do not come to court at this date and time, a judgment may be entered against you. If that happens, the landlord will have the right to evict you. You have a right to postpone the case for 14 days, but you have to come to court to ask for that.

4.      In court, you may tell the judge the legal reasons that you should be allowed to stay in your home. The legal reasons are called defenses. You can also say any claims you have against the landlord. You will have to prove your defenses and claims in court. You can also give your Answer in writing.

Information to help you Answer the Petition is available online at nycourts.gov/housingnyc. *Important!* If you do not tell the Clerk about a defense in your Answer you might not be able to talk about it later in this case or any other case.

5.      If your name is not on this Notice but you live in the home listed above, you have a right to come to Court in the court date and tell the judge the legal reasons that you should be allowed to stay in the home.

6.      **Available Resources:**

- **Legal Help:** Under New York City law, you may be able to get a free lawyer to represent you in this case. Call 718-557-1379 or go to nycourts.gov/nyc-freelawyer for information about getting free legal help. If you have money to hire a lawyer, you can contact the New York City Bar Legal Referral Service at 212-626-7373.

- **Language Help:** If you do not speak English well or are deaf or hard of hearing, you have a right to a free interpreter. Tell the Court Clerk you need an interpreter or call 646-386-5670. To read a translation of this Notice in another language visit: nycourts.gov/housingnyc. For information on evictions:

> 646-386-5750: Informations concernant les expulsions • বেদখলের তথ্য • 驱离租屋相关信息 • 驱离租屋相关信息 • الطرد معلومات بشأن حالت • выселении о Информация • 迫遷相關資訊 • Enfòmasyon Konsènan Degèpisman • información sobre desalojos • ون بے ے دخل ی معلومات ک

- **ADA Help:** If you need a special accommodation to use the court because of a disability, call 646-386-5300 or 711 (TTY) or tell a Court Clerk.

- **Financial Help:** If you owe rent and do not have the money, contact HRA's Infoline at 718-557-1399 for more information about getting help to pay the rent.

- **Help at the Courthouse:** There is a Help Center in the courthouse where you can speak to a Court Attorney or a Volunteer Lawyer.

- **Online Help:** Visit the Housing Court's website at: nycourts.gov/housingnyc

  (also available in Spanish and Chinese) or visit LawHelpNY at: lawhelpny.org.

---

**Postponements and Rent Deposits.** In court, you can ask to postpone your case. You have a right to postpone the case for at least 14 days. If your case is not finished in 60 days or you ask to postpone the case again, the court can order you to deposit money in court or make a rent payment to the landlord. If you do not do this, your case may go to trial right away. RPAPL Sec. 745.

**After Judgment.** If the court orders a judgment against you after a trial, the court may give you time to move. After that time is up, you will get a Notice of Eviction from a Marshal giving you at least 14 days to leave. If you do not leave, you will be evicted by the Marshal. RPAPL Sec. 749(2).

---

City of New York, County of New York
Dated: August 22, 2022

Clerk of the Civil Court of the City of New York

ALIA RAZZAQ
Clerk of the Civil Court

Petitioner or Attorney for Petitioner:

Address:

Telephone No.:
Email:

ROSE & ROSE
Attorneys at Law
291 BROADWAY, 13th FLOOR
NEW YORK, NY 10007
(212) 349-3366
general@roseandroselaw.com

**IMPORTANT TO TENANT**

If you are dependent upon a person in the military service of the United States or the State of New York, advise the Clerk immediately, in order to protect your rights.

3

FILED: NEW YORK CIVIL COURT - L&T 08/25/2022 11:15 AM   INDEX NO. LT-312858-22/NY [HO]
NYSCEF DOC. NO. 3                                                RECEIVED NYSCEF: 08/25/2022

CIVIL COURT OF THE CITY OF NEW YORK
STATE OF NEW YORK, COUNTY OF NEW YORK         Index No. _____     Year 22

---

**7 WEST 21 LLC,**

        Petitioner-Landlord,

  -against-

**CLEMENT MOSSERI**
**7 West 21st Street**
**Apartment 1708**
**New York, New York 10010**          **-and-**          **"JOHN DOE" and/or "JANE DOE"*,**
      Respondent-Tenant,                                Respondents-Undertenants.
*First and/or last name of Tenant(s) and/or Undertenant(s) being fictitious and unknown to Petitioner, Person intended being in possession of the premises herein described

---

## NOTICE OF PETITION HOLDOVER
Court Date:

---

ROSE & ROSE

*Attorney(s) for* Petitioner-Landlord

*Office and Post Office Address, Telephone*

291 Broadway, 13th Floor
New York, New York 10007
(212) 349-3366

---

To                                               Signature (Rule 130-1.1-a)

                                                   Print name beneath

                                Service of a copy of the within is hereby admitted.

Attorney(s) for                                   Dated: _____

---

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                     of which the within is a true copy
will be presented for settlement to the HON.     one of the judges of the
within named Court, at
on                          at          M.

Dated,

                                  Yours, etc.

FILED: NEW YORK CIVIL COURT - L&T 08/23/2022 04:57 PM  INDEX NO. LT-312858-22/NY [HO]
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 08/23/2022

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x

7 WEST 21 LLC,

                Petitioner-Landlord,

           -against-

CLEMENT MOSSERI
7 West 21st Street
Apartment 1708
New York, New York 10010

                Respondent-Tenant,

"JOHN DOE" and/or "JANE DOE",*

                Respondents-Undertenants.

*First and/or last name of Tenant(s) and/or
Undertenant(s) being fictitious and unknown
to Petitioner, Person intended being in
possession of the premises herein described
-------------------------------------------------------------x

Index No.
L&T 312858 /2022

**PETITION**
**HOLDOVER**

THE PETITION OF 7 WEST 21 LLC, respectfully shows that:

1.     Petitioner is authorized to maintain this proceeding.

2.     Petitioner is the owner and landlord of the premises herein.

3.     Respondent, CLEMENT MOSSERI, is the tenant of the premises who entered into possession under a written rental agreement heretofore made.

3a.    Respondents, "JOHN DOE" and/or "JANE DOE", are the undertenants in occupancy of the premises.

4.     The premises are described as all rooms in 1708 located at 7 West 21st Street, New York, New York 10010, which is within the territorial jurisdiction of the Civil Court of the City of New York, County of New York.

Case 1:22-cv-09506-UA   Document 1   Filed 11/04/22   Page 13 of 28

5.     The term for which said premises were rented by Respondent-Tenant expired on August 18, 2022. At least seven (7) days before the expiration of the said term Respondent-Tenant was served in the manner provided for by law with a notice in writing, a copy of which with proof of service is hereto annexed and made a part of this petition. The landlord elected to terminate the tenancy and proceed to recover possession and unless Respondent-Tenant removed from the premises on the day on which said term expired, the landlord would commence summary proceedings under the statute to remove Respondent-Tenant therefrom.

6.     Respondents continue in possession of the premises without the permission of the landlord, or of the Petitioner after the expiration of said term.

7.     The demised premises are subject to the Rent Stabilization Law of 1969 as Amended as a result of the landlord receiving benefits pursuant to RPTL 421-a. The demised premises is subject to the rules and regulations of the federal Low Income Housing Tax Credit ("LIHTC") program. Pursuant to said law, the owner has duly registered this unit with the New York State Division of Housing and Community Renewal (D.H.C.R.).

8.     The Premises are a multiple dwelling and pursuant to the Housing Code Article 41 there is a currently effective registration statement on file with the Office of Code Enforcement in which the owner has designated the managing agent named below, a natural person over twenty-one (21) years of age, to be in control of and responsible for the maintenance and operation of the dwelling.

Multiple Dwelling Registration No: 144309

Registered Managing Agent's Name: Joshua Murphy

Business Address: 777 Third Avenue, 6th Floor, New York, NY 10017

- 2 -

FILED: NEW YORK CIVIL COURT - L&T 08/23/2022 04:57 PM    INDEX NO. LT-312858-22/NY [HO]

NYSCEF DOC. NO. 1                                                        RECEIVED NYSCEF: 08/23/2022

9.      Except for the apartment being sought in this proceeding, Petitioner lacks written information or notice of any address where Respondent-Tenant-resides-is employed-has a place of business-has its principal office-place of business in New York State.

10a.     Respondent-Tenant is committing or permitting a nuisance in the subject housing accommodation, and as a result of said nuisance he is interfering substantially with the comfort and safety of the landlord and of other tenants and occupants of the subject building.

10b.     Respondent-Tenant has engaged in a longstanding and continuing pattern of sexual harassment directed at female tenants and occupants and female building personnel. Respondent-Tenant's depredations have included conduct that clearly constitutes harassment, stalking, and menacing. Respondent-Tenant has placed other tenants in fear for their safety and has substantially interfered with the right of female tenants to properly enjoy their apartments.

10c.     In September 2019, the landlord received complaints from a building tenant that Respondent-Tenant was continually harassing the tenant's female guest. On multiple occasions, Respondent-Tenant engaged in unwanted contact with the female guest. Both the tenant and their guest expressed palpable fears for their safety as a result of Respondent-Tenant's harassment.

10d.     On or about September 22, 2019, at approximately 3:00 p.m., Respondent-Tenant approached a female building worker and made inappropriate and unwanted remarks such as requesting that "your shirt should be unbuttoned more so [I] can see more cleavage." The building worker expressed fears for her safety to building management.

10e.     On or about October 21, 2019, Respondent-Tenant wrote an unsolicited and unwanted letter to a tenant's female guest and left the letter underneath the tenant's door. The letter sought a sexual relationship with the guest, and stated that "I would be better than anyone else in your life."

- 3 -

10f.    On or about October 31, 2019, the landlord received a complaint from a female tenant that Respondent-Tenant had repeated made unwanted advanced toward her, and had harassed and menaced her.  On several occasions Respondent-Tenant cornered the female tenant in the building elevator and subsequently followed her to her apartment.  On another occasion, Respondent-Tenant approached the female tenant when she was walking her dog, and followed and stalked her as she left the building and out onto the sidewalk.  The female tenant further reported that Respondent-Tenant made numerous harassing comments, including his statement that Respondent-Tenant would send any men he saw in the lobby to the female tenant's apartment. The female tenant expressed fear for her safety.

10g.    In June 2020, Respondent-Tenant made repeated unwanted contacts with another female tenant.  Respondent-Tenant came to her door on multiple occasions, stalking her and seeking to sexually harass her.  The tenant filed a police report. One email from this tenant, dated June 30, 2020, states the following in pertinent part:

> The police gave Clement a "warning" and he said he wanted to give me dog food which I didn't see him have in his hand when he knocked on my door. I will file a police report if it happens a 3rd time and request to move either out of this building or into another apartment since my privacy is not being respected.
>
> I find it completely unacceptable for him to knock on my door a 2nd time after [the landlord's agent] spoke with him once already about not knocking on my door.  I could understand if I was friendly to him or spoke to him but I don't ever say hi to him and rarely see him. It was out of the blue that he knocked on my door the 2nd time and to know that there are very few people on my floor makes me feel even less safe that an older man is knocking on my door.
>
> To have had little to no interaction with this person who continues to think it is ok to knock on my door is unacceptable.  On Friday June 26th, I was about to cross the street on 22nd and saw him.  He saw me too and then crossed the street and started walking behind me. I felt uncomfortable and then I crossed the street and went inside.

- 4 -

There have been multiple occasions where he has offended my clea
this is acceptable behavior.  I feel super uncomfortable and when
he knocked ning lady, a friend of mine or he shows up to my door
thinking on my door a second time I got so scared and felt like my
privacy was being invaded.

I would like to have him moved to another floor. If this happens a
3rd time where I have an issue with him I will be getting lawyers
involved and request to move to another floor in this building.  I
cannot be harassed like this where someone who creeps me out
continues to think that knocking on my door when Im a single
woman is OK.

10h.    In February 2021, the front desk staff reported that the female tenants on

Respondent-Tenant's floor–the 17th floor–came to the front desk numerous times to express fears

about Respondent-Tenant and his conduct.  The female tenants reported that Respondent-Tenant

was sexually harassing them by engaging in unwanted contact including the repeated asking of

"uncomfortable" questions, and sexually harassing comments.

10i.    Respondent-Tenant's conduct as set forth above, has continued to the present day

and has never totally ceased.  Respondent-Tenant just shifted the target of his sexual harassment,

stalking and menacing to newer and more vulnerable female tenants.

10j.    Commencing in early 2022, Respondent-Tenant preyed upon the tenant of

Apartment 1706, a young woman living alone in that apartment.  The tenant of Apartment 1706

attempted to rebuff Respondent-Tenant's unwanted advances, but Respondent-Tenant persisted

in his harassment of that tenant. Respondent-Tenant slipped notes under the tenant's door,

seeking a "relationship" with her, demanding that she have "one or two bottles of wine" with

Respondent-Tenant.  The tenant demanded to be transferred to an apartment on a different floor

and/or have security detail dispatched to monitor Respondent-Tenant.  The tenant's attorneys

sent a letter to the landlord on April 12, 2022, stating the following in pertinent part:

[The tenant of Apt. 1706 suffers from] severe distress and concern
for her safety.  Further, our client is concerned that the content,

- 5 -

continuity and growing severity of Mosseri's condcut will escalate to acts of physical violence.

10k.    Respondent-Tenant subsequently put another harassing note under the door of Apartment 1706, seeking a dinner "meeting"; Respondent-Tenant's note ended with the statement "I look forward to your company. Please don't disappoint". Respondent-Tenant has also stalked the tenant of Apartment 1706. In addition, Respondent-Tenant knocked on the tenant's door fully aware that his advances were unwelcome and lingered thereabout, causing the tenant to cower in fear inside her apartment.

10l.    The landlord was forced to release the tenant from her lease for Apartment 1706 solely as a result of Respondent-Tenant's depredations.

WHEREFORE, Petitioner requests a final judgment awarding possession of the premises to the Petitioner-Landlord; issuance of a warrant to remove Respondents from possession thereof; judgment against Respondent-Tenant for the fair value of use and occupancy; and costs, disbursements and legal fees.

Dated: New York, New York
        August 22, 2022

                                        7 WEST 21 LLC
                                        (OWNER AND LANDLORD)

Yours, etc.,

ROSE & ROSE
By: Peter A. Rose
Attorneys for Petitioner
291 Broadway, 13th Floor
New York, NY 10007
(212) 349-3366
general@roseandroselaw.com

- 6 -

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

PETER A. ROSE, being one of the attorneys for the petitioner herein, hereby affirms under the penalties of perjury and pursuant to CPLR 2106 that he has read the foregoing petition and knows the contents thereof, and that upon information and belief, the same are true. The source of your affirmant's information and belief are oral statements, books and records furnished by the petitioner, its agents and/or employees and material contained in the office files. This verification is made by affirmant rather than by Petitioner because no officer, member or agent of Petitioner was present in affirmant's office at the time the petition was ready to be verified and RPAPL 741 permits the petition to be verified by Petitioner's counsel.

Dated: New York, New York
       August 22, 2022

_____
PETER A. ROSE

NOTICE TO RESPONDENT TENANT

DURING THE CORONAVIRUS EMERGENCY,
YOU MIGHT BE ENTITLED BY LAW TO SPECIAL
DEFENSES AND PROTECTIONS RELATING TO
EVICTIONS.

PLEASE CONTACT YOUR ATTORNEY
IMMEDIATELY FOR MORE INFORMATION.

IF YOU DON'T HAVE AN ATTORNEY, PLEASE
CALL

**718-557-1379**

OR VISIT

**www.nycourts.gov/evictions/nyc/**

Case 1:22-cv-09506-LJL   Document 1   Filed 11/04/22   Page 20 of 28

AVISO A INQUILINO DEMANDADO


DURANTE LA EMERGENCIA POR CORONA
VIRUS, PUEDA QUE POR LEY USTED TENGA
DERECHO A DEFENSAS Y PROTECCIONES
ESPECIALES RELACIONADAS CON
DESALOJOS.

POR FAVOR COMUNIQUESE CON SU
ABOGADO INMEDIATAMENTE PARA OBTENER
MAS INFORMACIÓN.

SI NO TIENE ABOGADO, LLAME AL

718-557-1379

O VISITE

www.nycourts.gov/evictions/nyc/

FILED: NEW YORK CIVIL COURT - L&T 08/23/2022 04:57 PM    INDEX NO. LT-312858-22/NY [HO]
NYSCEF DOC. NO. 1                                                      RECEIVED NYSCEF: 08/23/2022

## NOTICE OF TERMINATION

TO:              CLEMENT MOSSERI
                       7 West 21st Street
                       Apartment 1708
                       New York, New York 10010

OCCUPANTS:     "JOHN DOE" AND/OR "JANE DOE"

PLEASE TAKE NOTICE, that your tenancy is hereby terminated effective

August 18,      2022 for the reasons that:

You are committing or permitting a nuisance in the subject housing accommodation, and as a result of said nuisance you are interfering substantially with the comfort and safety of the landlord and of other tenants and occupants of the subject building.

You have engaged in a longstanding and continuing pattern of sexual harassment directed at female tenants and occupants and female building personnel. Your depredations have included conduct that clearly constitutes harassment, stalking, and menacing. You have placed other tenants in fear for their safety and have substantially interfered with the right of female tenants to properly enjoy their apartments.

In September 2019, the landlord received complaints from a building tenant that you were continually harassing the tenant's female guest. On multiple occasions, you engaged in unwanted contact with the female guest. Both the tenant and their guest expressed palpable fears for their safety as a result of your harassment.

On or about September 22, 2019, at approximately 3:00p.m., you approached a female building worker and made inappropriate and unwanted remarks such as requesting that "your shirt should be unbuttoned more so [I] can see more cleavage." The building worker expressed fears for her safety to building management.

On or about October 21, 2019, you wrote an unsolicited and unwanted letter to a tenant's female guest and left the letter underneath the tenant's door.   The letter sought a sexual relationship with the guest, and stated that "I would be better than anyone else in your life."

On or about October 31, 2019, the landlord received a complaint from a female tenant that you had repeated made unwanted advanced toward her, and had harassed and menaced her. On several occasions you cornered the female tenant in the building elevator and subsequently followed her to her apartment.  On another occasion, you approached the female tenant when she was walking her dog, and followed and stalked her as she left the building and out onto the sidewalk.  The female tenant further reported that you have made numerous harassing comments, including your statement that you would send any men you saw in the lobby to the female tenant's apartment. The female tenant expressed fear for her safety.

In June 2020, you made repeated unwanted contacts with another female tenant.  You came to her door on multiple occasions, stalking her and seeking to sexually harass her.  The tenant filed a police report. One email from this tenant, dated June 30, 2020, states the following in pertinent part:

> The police gave Clement a "warning" and he said he wanted to give me dog food which I didn't see him have in his hand when he knocked on my door. I will file a police report if it happens a 3rd time and request to move either out of this building or into another apartment since my privacy is not being respected.
>
> I find it completely unacceptable for him to knock on my door a 2nd time after [the landlord's agent] spoke with him once already about not knocking on my door. I could understand if I was friendly to him or spoke to him but I don't ever say hi to him and rarely see him. It was out of the blue that he knocked on my door the 2nd time and to know that there are very few people on my floor makes me feel even less safe that an older man is knocking on my door.
>
> To have had little to no interaction with this person who continues to think it is ok to knock on my door is unacceptable.   On Friday June

-2-

26th, I was about to cross the street on 22nd and saw him. He saw me too and then crossed the street and started walking behind me. I felt uncomfortable and then I crossed the street and went inside.
There have been multiple occasions where he has offended my cleaning lady, a friend of mine or he shows up to my door thinking this is acceptable behavior. I feel super uncomfortable and when he knocked on my door a second time I got so scared and felt like my privacy was being invaded.

I would like to have him moved to another floor. If this happens a 3rd time where I have an issue with him I will be getting lawyers involved and request to move to another floor in this building. I cannot be harassed like this where someone who creeps me out continues to think that knocking on my door when Im a single woman is OK.

In February 2021, the front desk staff reported that the female tenants on your floor–the 17th floor–came to the front desk numerous times to express fears about you and your conduct. The female tenants reported that you were sexually harassing them by engaging in unwanted contact including the repeated asking of "uncomfortable" questions, and sexually harassing comments.

Your conduct as set forth above, has continued to the present day and has never totally ceased. You have just shifted the target of your sexual harassment, stalking and menacing to newer and more vulnerable female tenants.

Commencing in early 2022, you preyed upon the tenant of Apartment 1706, a young woman living alone in that apartment. The tenant of Apartment 1706 attempted to rebuff your unwanted advances, but you persisted in your harassment of that tenant. You slipped notes under the tenant's door, seeking a "relationship" with her, demanding that she have "one or two bottles of wine" with you. The tenant demanded to be transferred to an apartment on a different floor and/or have security detail dispatched to monitor you. The tenant's attorneys sent a letter to the landlord on April 12, 2022, stating the following in pertinent part:

[The tenant of Apt. 1706 suffers from] severe distress and concern for her safety. Further, our client is concerned that the content, continuity

-3-

and growing severity of Mosseri's condcut will escalate to acts of physical violence.

You subsequently put another harassing note under the door of Apartment 1706, seeking a dinner "meeting"; your note ended with the statement "I look forward to your company. Please don't disappoint". You have also stalked the tenant of Apartment 1706. In addition, you knocked on the tenant's door fully aware that your advances were unwelcome and lingered thereabout, causing the tenant to cower in fear inside her apartment.

The landlord was forced to release the tenant from her lease for Apartment 1706 solely as a result of your depredations.

No Notice to Cure is served herein on these allegations, based upon the serious nature of the situation created at the premises, the continuing nature of this situation, based on the fact that it does not lend itself to a cure, and based on the fact that no Notice to Cure is required pursuant to the Rent Stabilization Law as Amended or the Rent Stabilization Code under these circumstances.

PLEASE TAKE FURTHER NOTICE, that the demised premises are subject to the Rent Stabilization Law of 1969 as Amended as a result of the landlord receiving benefits pursuant to RPTL 421-a. The demised premises is subject to the rules and regulations of the federal Low Income Housing Tax Credit ("LIHTC") program. Pursuant to said law, the owner has duly registered this unit with the New York State Division of Housing and Community Renewal (D.H.C.R.).

PLEASE TAKE FURTHER NOTICE, that this notice is being sent pursuant to Section 2524.3 of the amended code of the Rent Stabilization Law.

PLEASE TAKE FURTHER NOTICE, that you are hereby required to quit, vacate and surrender possession of the premises to the landlord on or before       August 18,   2022  and that upon your failure to so quit, vacate and surrender possession, the landlord will commence appropriate proceedings to recover possession of the premises.

-4-

PLEASE TAKE FURTHER NOTICE, that any response to this notice should be sent and directed to attorneys for the landlord, Rose & Rose at 291 Broadway, 13th floor , New York, New York 10007; and whose telephone number is (212) 349-3366.

Dated:  New York, New York
         July 22, 2022

                                        7 WEST 21  LLC
                                        (OWNER AND LANDLORD)

                                  BY:
                                        JOSHUA MURPHY
                                        Director, Multi-Family Housing
                                        Authorized agent for Owner and Landlord

-5-

FILED: NEW YORK CIVIL COURT - L&T 08/23/2022 04:57 PM    INDEX NO. LT-312858-22/NY [HO]
NYSCEF DOC. NO. 1                                                        RECEIVED NYSCEF: 08/23/2022

## AFFIDAVIT OF SERVICE

---

**7 WEST 21 LI LLC.**                    **Landlord**

against

**CLEMENT MOSSERI, "JOHN DOE" & "JANE DOE"**        **Respondent Tenant(s)**

---

**STATE OF NEW YORK, COUNTY OF NEW YORK   SS:**

**Jack Markowicz**, being duly sworn, deposes and says: The deponent is not a party to this action and is over 18 years of age and resides in the State of New York.

That on July 27, **2022 at 8:04 P.M. at 7 WEST 21st ST. Apt 1708, N.Y. N.Y. 10010,** I served **CLEMENT MOSSERI, "JOHN DOE" & "JANE DOE"** with copies of the **NOTICE OF TERMINATION** in this proceeding, I gained access to the building located the door of **Apt 1708,** I repeatedly knocked on the door and rang the doorbell, I waited approximately 2 min. when no one answered I left.

Also on July 28, 2022 at 11:19 A.M. at **7 WEST 21st ST. Apt 1708, N.Y. N.Y. 10010** I attempted to serve **CLEMENT MOSSERI, "JOHN DOE" & "JANE DOE"** with copies of the **NOTICE OF TERMINATION** in this proceeding. I gained access to the building located, the door of **Apt. 1708,** I repeatedly knocked on the door and rang the doorbell, I waited approximately 2 min. when no one answered I served **CLEMENT MOSSERI, "JOHN DOE" & "JANE DOE"** by attaching 3 true copies of said papers to the door at Respondents usual place of abode within the state

Deponent also within one day thereafter, on **July 28, 2022** mailed a true copy of the **NOTICE OF TERMINATION** enclosed in a postpaid properly addressed wrapper by first class mail and by certified mail to each Respondent at Respondent's last known place of abode within the state at **7 WEST 21st ST. Apt 1708, N.Y. N.Y. 10010,** I deposited these envelopes in a -U.S. Mail Box- an official depository under the exclusive care and custody of the United States Postal Service within New York State. The envelopes bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

Sworn to before me on this
1st  day Aug  2022

JAINEY E. SAMUEL
NOTARY PUBLIC STATE OF NEW YORK
No 02SA6368140
Qualified in Queens County
Comm. Exp. 12/11/25

**JACK MARKOWICZ**
**License # 868800**
**ROSE & ROSE**

FILED: NEW YORK CIVIL COURT - L&T 08/23/2022 04:57 PM   INDEX NO. LT-312858-22/NY [HO]

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 08/23/2022

### Certificate of Mailing — Firm (Domestic)

**UNITED STATES POSTAL SERVICE**

| Name and Address of Sender | TOTAL NO.<br>of Pieces Listed by Sender | TOTAL NO.<br>of Pieces Received at Post Office | Affix Sta<br>Postmark |
|---|---|---|---|
| 291 BROADWAY<br>13TH FLOOR<br>NEW YORK, NY 10007 | 3 | 3 | |
| | Postmaster, per (name of receiving employee) | | |

| USPS Tracking Number<br>Firm-specific Identifier | Address<br>(Name, Street, City, State, and ZIP Code™) | | Postage | Fee | Special Handling | Parcel Airlift |
|---|---|---|---|---|---|---|
| Clement Mosseri | 7 West 21st Street<br>Apartment 1708 | | | | | |
| | New York, New York 10010 | | | | | |
| John Doe | 7 West 21st Street<br>Apartment 1708 | | | | | |
| | New York, New York 10010 | | | | | |
| Jane Doe | 7 West 21st Street<br>Apartment 1708 | | | | | |
| | New York, New York 10010 | | | | | |

PS Form 3665, May 2015 PSN 7530-17-000-5549







CIVIL COURT OF THE CITY OF NEW YORK
STATE OF NEW YORK, COUNTY OF NEW YORK                    Index No.        Year 22

**7 WEST 21 LLC,**
      Petitioner-Landlord,

  -against-

**CLEMENT MOSSERI**
**7 West 21st Street**
**Apartment 1708**
**New York, New York 10010**      -and-      **"JOHN DOE" and/or "JANE DOE"\*,**
      Respondent-Tenant,                Respondents-Undertenants.
\*First and/or last name of Tenant(s) and/or Undertenant(s) being fictitious and unknown to Petitioner, Person intended being in possession of the
premises herein described

---

## PETITION HOLDOVER
Court Date:

---

ROSE & ROSE

*Attorney(s) for* Petitioner-Landlord

*Office and Post Office Address, Telephone*

291 Broadway, 13th Floor
New York, New York 10007
(212) 349-3366

---

To

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated:

---

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                            of which the within is a true copy
will be presented for settlement to the HON.           one of the judges of the
within named Court, at
on                      at          M.

Dated,

                                Yours, etc.